IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANDID CARE CO., <br><br> Plaintiff, <br><br> v. <br><br> SMILEDIRECTCLUB, LLC, <br><br> Defendant. | Civil Action No. 20-1764-CFC |

Rodger Dallery Smith, II and Cameron Paul Clark, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware

   *Counsel for Plaintiff*

Kenneth L. Dorsney, MORRIS JAMES LLP, Wilmington, Delaware; Cynthia J. Rigsby and Kelsey C. Boehm, FOLEY & LARDNER LLP, Milwaukee, Wisconsin

   *Counsel for Defendant*

## **MEMORANDUM OPINION**

July 30, 2021
Wilmington, Delaware

*[signature]*
COLM F. CONNOLLY
CHIEF JUDGE

Candid Care Co. brought this action against SmileDirectClub, LLC on December 23, 2020, seeking a declaratory judgment that SmileDirectClub is precluded from asserting infringement of U.S. Patent No. 10,861,599 (the #599 patent) against Candid Care or, in the alternative, that the #599 patent is invalid and/or is not infringed by Candid Care. D.I. 1. Pending before me is SmileDirectClub's Motion to Dismiss. D.I. 7. SmileDirectClub seeks by its motion dismissal of the Complaint "pursuant to Federal Rule of Civil Procedure 12(b)(6), the first-to-file rule, and the Court's discretion under the declaratory judgment jurisdiction under 28 U.S.C. § 2201." D.I. 7. SmileDirectClub has requested in the alternative that I transfer the case to the Western District of Texas "pursuant to 28 U.S.C. § 1404 and the first-to-file rule." D.I. 7.

I.  **BACKGROUND**

SmileDirectClub and Candid Care are competitors in the so-called teleorthodontics business—that is, they both provide orthodontic care remotely using information technology. This business was made possible by the development of intraoral scanners that non-dentist technicians use to take images of a patient's teeth and create three-dimensional, digital representations from

which personalized aligners are made for self-insertion by the patient to straighten and reposition teeth.

This action is not the first case I have had with SmileDirectClub and Candid Care. In April 2020—eight months before the #599 patent was issued by the United States Patent & Trademark Office (PTO)—SmileDirectClub sued Candid Care in this district for infringement of U.S. Patent No. 10,636,522 (the #522 patent). *SmileDirectClub, LLC v. Candid Care Co.*, C.A. No. 20-583-CFC (the "First Delaware Action"). In its brief filed in opposition to the pending motion, Candid Care accurately characterizes the #522 and #599 patents as being "virtually identical." D.I. 11 at 15. SmileDirectClub does not dispute this characterization in its reply brief. *See* D.I. 13. Nor could it credibly do so. The application for the #599 patent (U.S. Patent App. No. 16/859,950 (the #950 application)) was a continuation of the #522 patent, First Delaware Action, D.I. 21 at 1; the two patents have the same title, written description, and inventors; and, as SmileDirectClub's counsel told me during a hearing in the First Delaware Action, the claims in the #950 application that were ultimately issued in the #599 patent are "very, very similar, if not identical" to the claims of the #522 patent. First Delaware Action, D.I. 29 at 12. *See also* First Delaware Action, D.I. 23 at 11–12 (SmileDirectClub stating in support of its motion for a preliminary injunction in

2

the First Delaware Action that the claims of the two patents are "substantially similar" and that they "both claim the near identical methods").

On October 27, 2020, SmileDirectClub told me that it intended to assert the #599 patent in the First Delaware Action once the PTO issued it. First Delaware Action, D.I. 23 at 12 n.1. But on December 7, 2020, I granted Candid Care's motion to dismiss the First Delaware Action based on my determination that the #522 patent's claims were directed to the abstract idea of teleorthodontics, did not contain any inventive concept, and therefore were invalid under 35 U.S.C. § 101 for claiming patent-ineligible subject matter. *SmileDirectClub, LLC v. Candid Care Co.*, 505 F. Supp. 3d 340, 349–53 (D. Del. 2020). The day after I dismissed the First Delaware Action, the PTO issued the #599 patent. Later that day, SmileDirectClub sued Candid Care in the Western District of Texas for infringement of the #599 patent. Two weeks later, Candid Care filed this suit.

## II. THE MOTION TO DISMISS

The linchpin of SmileDirectClub's motion is that it filed its infringement case in Texas before Candid Care filed this case. SmileDirectClub purports to make its motion "pursuant to Federal Rule of Civil Procedure 12(b)(6), the first-to-file rule, and the Court's discretion under the declaratory judgment jurisdiction under 28 U.S.C. § 2201." D.I. 7.

3

A.   Rule 12(b)(6)

Citing *In re Plavix Marketing, Sales Practices and Products Liability Litigation (No. II)*, 974 F.3d 228, 233 (3d Cir. 2020), SmileDirectClub argues that "a first-to-file motion to dismiss falls under Rule 12(b)(6)'s failure to state a claim." D.I. 8 at 6–7. But neither a claim for patent infringement nor a claim for a declaratory judgment of invalidity and/or noninfringement requires that it be a first-filed claim. Thus, Rule 12(b)(6) does not afford SmileDirectClub a means by which to seek dismissal on the grounds it argues in support of its motion. SmileDirectClub's reliance on *In re Plavix* is misplaced. The court in that case addressed the merits of a motion to dismiss a False Claims Act claim for failure to comply with the so-called "first-to-file bar" set forth in 31 U.S.C. § 3730(b)(5). That bar prevents successive plaintiffs from acting as relators in false claim *qui tam* actions that are based on the same underlying facts alleged in an earlier-filed False Claims Act claim. As the court explained in *In re Plavix*, the "first-to-file bar asks only whether [the relator] falls within the class of plaintiffs whom Congress has authorized to sue, which is another way to ask whether the statute gives it a cause of action." 974 F.3d at 232 (alteration in original) (internal quotation marks and citation omitted). For that reason, the court held that a motion to dismiss for failure to comply with the first-to-file bar should be treated as a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, as opposed

4

to Rule 12(b)(1) for lack of subject-matter jurisdiction. *Id.* Thus, neither *In re Plavix* nor Rule 12(b)(6) is relevant for purposes of the pending motion.

### B. First-to-File Rule

Unlike the False Claims Act's mandatory first-to-file bar, "[t]he 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012).[1] The rule permits a district court to "stay, transfer, or dismiss a duplicative later-filed action." *Id.* It is not, however, to be "rigidly or mechanically applied." *Id.* The general rule is that "[t]he first-filed action is preferred . . . unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (internal quotation marks and citation omitted). District courts, however, "have discretion to make exceptions to this general rule in the interest of justice or expediency, and . . . such exceptions are not rare." *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020) (internal quotation marks and citation omitted).

---

[1] "In patent cases, application of the first-filed rule is governed by Federal Circuit law." *In re Mobile Telecommunications Techs., LLC*, 243 F. Supp. 3d 478, 483 (D. Del. 2017).

Although the Texas case is, at least technically, the first-filed case involving the #599 patent, I agree with Candid Care that application of the first-filed rule is not appropriate here. First, granting SmileDirectClub's motion would stymie, not promote judicial economy. The #599 patent is virtually identical to the #522 patent. The two patents not only share the same title, written description, and inventors; but as SmileDirectClub's counsel admitted in the First Delaware Action, the two patents are "very, very similar, if not identical" and "claim the near identical methods." I have already studied the #522 patent and can therefore efficiently and expeditiously rule on matters relating to the #599 patent. Having Judge Albright, who is handling the Texas case, duplicate my efforts to date would waste, not conserve, judicial resources.

Second, SmileDirectClub's litigation gamesmanship should not be rewarded with a rigid application of the first-to-file rule. Last year, when it wanted me to issue a preliminary injunction against Candid Care, SmileDirectClub stated that the #599 and #522 patents are "very, very similar, if not identical," that they have "substantially similar claims," and that they "both claim the near identical methods." But in January of this year, when it wanted Judge Albright to deny Candid Care's motion to dismiss the Texas case, SmileDirectClub told Judge Albright that "there are clear differences in the scope of the claims" of the two patents. *SmileDirectClub, LLC v. Candid Care Co.*, Civil No. 6:20-cv-1115-ADA,

6

D.I. 17 at 9 (W.D. Tex. Jan. 19, 2021). SmileDirectClub's flexibility with the truth counsels against applying the first-to-file rule to this action. *See Commc'ns Test Design*, 952 F.3d at 1362 (noting that district courts "have discretion to make exceptions to th[e] general [first-to-file] rule in the interest of justice") (internal quotation marks and citation omitted).

In short, I find that judicial and litigant economy and the just and effective disposition of the parties' dispute call for an exception to the first-to-file rule. Accordingly, I will not apply the rule here.

### C.     The Court's Discretion Under § 2201

SmileDirectClub argues that I should exercise my discretion to decline declaratory judgment jurisdiction because this suit "bears all the hallmarks of forum shopping and piece-meal litigation that would waste judicial resources and create confusion in the Texas Action." D.I. 8 at 12. SmileDirectClub is correct that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). But I reject SmileDirectClub's characterization of this case as wasteful forum shopping by Candid Care. Indeed, if any party is guilty of forum shopping, it is SmileDirectClub, who, having represented that it would add the #599 patent to the First Delaware Action, is now

forcing Candid Care to largely relitigate the First Delaware Action in Texas. But I need not and do not find that SmileDirectClub is guilty of forum shopping. Instead, for the reasons noted above, I find that judicial economy and justice would be better served by my exercising the jurisdiction I undisputedly have over this case. Accordingly, I will deny the motion to dismiss insofar as it asks me to exercise my discretion to decline to entertain this action.

### III. THE MOTION TO TRANSFER

SmileDirectClub argues that a transfer of the case to the Western District of Texas is warranted under § 1404(a) and the first-to-file rule. Although SmileDirectClub invokes § 1404, it makes no attempt to discuss § 1404(a)'s requirements or explain why transfer is called for under § 1404(a). Accordingly, I will deny its request for a transfer under § 1404(a). I will also deny its motion for a transfer of the case under the first-to-file rule for the reasons discussed above.

### IV. CONCLUSION

For the foregoing reasons, I will deny SmileDirectClub's Motion to Dismiss the Complaint (D.I. 7).

The Court will enter an Order consistent with this Memorandum Opinion.

8