IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CANDID CARE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1764 (CFC) |
| | ) | |
| SMILEDIRECTCLUB, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| SMILEDIRECTCLUB, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1165 (CFC) |
| | ) | |
| CANDID CARE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**CANDIDS'S OPENING BRIEF IN SUPPORT OF
ITS MOTION TO DECLARE THIS CASE EXCEPTIONAL
AND AWARD ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**

OF COUNSEL:

Michael P. Sandonato
Sean M. McCarthy
Joshua D. Calabro
VENABLE LLP
Rockefeller Center
1270 6th Avenue
New York, NY  10020
(212) 307-5500

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Candid Care Co.*

Edmund J. Haughey
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC  20001
(202) 344-4000

October 19, 2021

## **TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................ 1

II.    STATEMENT OF THE NATURE AND STAGE OF
       THE PROCEEDINGS ................................................................................... 2

III.   SUMMARY OF ARGUMENT ...................................................................... 3

IV.    STATEMENT OF FACTS ............................................................................. 4

V.     LEGAL STANDARD .................................................................................. 10

VI.    ARGUMENT ............................................................................................... 11

       A.    THE COURT RETAINS JURISDICTION OVER
             CANDID'S ATTORNEYS' FEES MOTION ................................... 11

       B.    CANDID IS A PREVAILING PARTY IN THESE CASES ............. 11

       C.    THE '599 PATENT CASES ARE EXCEPTIONAL ........................ 12

             1.    SDC's assertion of the '599 patent after this
                   Court invalidated the '522 patent was objectively
                   frivolous ............................................................................... 12

             2.    SDC's conduct in these litigations was objectively
                   unreasonable ......................................................................... 15

             3.    Candid's conduct throughout these cases was wholly
                   reasonable ............................................................................. 19

             4.    The totality of the circumstances warrants finding
                   these cases exceptional ........................................................ 20

       D.    CANDID SHOULD BE AWARDED ITS REASONABLE
             ATTORNEYS' FEES ...................................................................... 21

VII.   CONCLUSION ........................................................................................... 22

# TABLE OF AUTHORITIES

## Cases

*Candid Care Co. v. SmileDirectClub, LLC*,
  C.A. No. 20-1764-CFC (D. Del. Dec. 23, 2020) ......................................... passim

*Candid Care Co. v. SmileDirectClub, LLC*,
  C.A. No. 20-1764-CFC, 2021 WL 3269092 (D. Del. July 30, 2021)........... 15, 16

*Cosdent Oil & Chemical Co. v. Foster Grant Co., Inc.*,
  432 F. Supp. 956 (D. Del. 1977)
  *aff'd* 577 F.2d 725 (3d Cir. 1978).........................................................................20

*Finnavations LLC v. Payoneer, Inc.*,
  C.A. No. 18-444-RGA,
  2019 WL 1236358 (D. Del. Mar. 18, 2019)..................................... 10, 12, 14, 21

*Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prod., Inc.*,
  790 F.3d 1369 (Fed. Cir. 2015) ..............................................................................19

*Highway Equip. Co., Inc. v. FECO, Ltd.*,
  469 F.3d 1027 (Fed. Cir. 2006) .................................................................... 11, 12

*Inventor Holdings, LLC v. Bed Bath & Beyond Inc.*,
  C.A. No. 14-448-GMS, 2016 WL 3090633 (D. Del. May 31, 2016),
  *aff'd*, 876 F.3d 1372 (Fed. Cir. 2017)...................................................... 12, 14, 21

*Mann Mfg., Inc. v. Hortex, Inc.*,
  439 F.2d 403 (5th Cir. 1971) ...............................................................................20

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  572 U.S. 545 (2014) ......................................................................... 10, 11, 12, 21

*Raniere v. Microsoft Corp.*,
  887 F.3d 1298 (Fed. Cir. 2018) ............................................................................11

*Rothschild Digital Confirmation, LLC v. CompanyCam, Inc.,*
  494 F. Supp. 3d 263 (D. Del. 2020) ............................................................ 19, 21

*SmileDirectClub, LLC v. Candid Care Co.*,
  505 F. Supp. 3d 340 (D. Del. 2020)
  *aff'd* 856 F. App'x 893 (Fed. Cir. 2021)................................................... 5, 13, 17

*SmileDirectClub, LLC v. Candid Care Co.*,
    856 F. App'x 893 (Fed. Cir. 2021) ................................................................. 5, 17

*SmileDirectClub, LLC v. Candid Care Co.*,
    Appeal No. 21-1446 (Fed. Cir. 2021) .................................................................16

*SmileDirectClub, LLC v. Candid Care Co.*,
    C.A. No. 20-583-CFC (D. Del. April 29, 2020)......................................... passim

*SmileDirectClub, LLC v. Candid Care Co.*,
    Index No. 651637/2018 (Sup. Ct. of New York County) .............................. 4, 18

*SmileDirectClub, LLC v. Candid Care Co.*,
    No. 6:20-cv-1115 (W.D. Tex. Dec. 8, 2020)............................................... passim

*VoIP-Pal.com, Inc. v. Verizon Commc'ns., Inc.*,
    No. 6:20-cv-00327-ADA (W.D. Tex. July 9, 2020) ...........................................20

## **Statutes**

35 U.S.C. § 285 .......................................................................................................10

## **Other Authorities**

MPEP § 1308(I)(B) ..................................................................................................13

MPEP § 2001.04 ......................................................................................................13

## I.   **<u>INTRODUCTION</u>**

Candid Care Co. ("Candid") should be awarded its reasonable attorneys' fees in these consolidated cases. Prior to these lawsuits, SmileDirectClub, LLC ("SDC") sued Candid in Delaware for infringement of the parent of the patent that was at issue here. This Court told SDC at a hearing that that patent was by far the most suspect it had seen from the point of view of 35 U.S.C. § 101, and shortly thereafter issued a detailed order and opinion invalidating the patent. SDC had its day in court and should have ended things there.

It did not end things. Instead, SDC let its second patent (the subject of these lawsuits) issue in the face of this Court's decision, even though it had told this Court that this second patent has "very, very similar, if not identical claims," and fled the jurisdiction of this Court to sue Candid in Texas, in the hopes of finding more favorable treatment there. And in an effort to keep its Texas suit alive, SDC told that court the exact opposite of what it had told this Court, arguing that "there are clear differences in the scope of the claims" of the two patents.

Ultimately both this Court and the Texas court determined that the dispute on SDC's second patent belongs in Delaware, and admonished SDC for its "litigation gamesmanship" and "flexibility with the truth" (this Court) and "blatant forum shopping" (Texas court). Once brought back to Delaware, facing an imminent motion for judgment on the pleadings it knew it could not win, SDC finally relented

and raised the white flag as to this new patent by granting Candid a unilateral covenant not to sue.  But this was only after Candid was forced to litigate against SDC for more than eight months, based on an assertion that never should have been made.

## II.   NATURE AND STAGE OF THE PROCEEDINGS

SDC filed a lawsuit in the Western District of Texas on December 8, 2020, asserting infringement of U.S. Patent No. 10,861,599 ("the '599 patent"). *SmileDirectClub, LLC v. Candid Care Co*., No. 6:20-cv-1115, D.I. 1 (W.D. Tex. Dec. 8, 2020) ("Texas Lawsuit").  Candid in turn filed a declaratory judgment action in this Court, asserting, *inter alia*, that SDC is collaterally estopped from asserting the '599 patent against Candid, or in the alternative, that each claim of the '599 patent is invalid under 35 U.S.C. § 101 as directed to a patent-ineligible abstract idea.  *Candid Care Co. v. SmileDirectClub, LLC*, C.A. No. 20-1764-CFC, D.I. 1 (D. Del. Dec. 23, 2020) ("Delaware DJ Action").   On August 11, 2021,[1] the Texas Lawsuit was transferred to this Court and assigned C.A. No. 21-1165 (CFC).  Both the Delaware DJ Action and the transferred Texas Lawsuit (collectively, "the '599 Patent Cases") were dismissed by this Court on October 5, 2021, after SDC unilaterally granted Candid a covenant not to sue on the '599 patent and moved to

---

[1]     The transfer order is dated August 5, 2021, but it was not entered on the docket until August 11, 2021.

dismiss the '599 Patent Cases for lack of subject matter jurisdiction. This Court retains jurisdiction over Candid's attorneys' fees motion.

## III.  SUMMARY OF ARGUMENT

1.  This Court retains jurisdiction over Candid's attorneys' fees motion.

2.  Candid is undisputedly the prevailing party in the '599 Patent Cases. This Court dismissed SDC's claims against Candid with prejudice based on a covenant not to sue, thus altering the legal relationship between the parties in Candid's favor.

3.  The '599 Patent Cases are exceptional. SDC's assertion of the '599 patent against Candid was objectively frivolous and SDC's conduct throughout these litigations—including among other things its "blatant forum shopping," "litigation gamesmanship," and "flexibility with the truth"—has been unreasonable.

4.  The Court should award Candid its reasonable attorneys' fees in these cases, which, pursuant to Fed. R. Civ. P. 54(d)(2)(B), are estimated to be around $500,000. Candid will provide a detailed accounting of the fees it seeks to recover should the Court grant the present motion. *See* Delaware DJ Action, 2021-09-29 Hearing Tr. at 13:8-14:6 (Court accepting the parties' proposal that the issue of liability will be decided before the issue of value for services).

IV.    **STATEMENT OF FACTS**

SDC filed its first lawsuit against Candid in the Supreme Court of the State of New York on April 5, 2018, asserting baseless claims of misappropriation of confidential and proprietary business information and trade secrets, unfair competition, aiding and abetting breach of fiduciary duty, and tortious interference with contract. Delaware DJ Action, D.I. 1 at ¶ 3; *SmileDirectClub, LLC v. Candid Care Co.*, Index No. 651637/2018, Doc. No. 2 (Sup. Ct. of New York County) ("New York Lawsuit"). Candid moved to dismiss the New York Lawsuit on May 9, 2018. Delaware DJ Action, D.I. 1 at ¶ 3. On September 7, 2018, the court granted Candid's motion to dismiss, stating that it had "rarely seen a more meritless claim." Delaware DJ Action, D.I. 1 at ¶ 3, D.I. 1-1 at Ex. 2; New York Lawsuit, Doc. No. 91 at 12:19-20, 15:4-7 ("Your complaint is dismissed. Thank you very much. That's with prejudice too. This case is just trying to put a competitor out of business.").

Two years later, on April 29, 2020, SDC filed a patent infringement lawsuit against Candid in this Court, asserting infringement of U.S. Patent No. 10,636,522 ("the '522 patent"). *SmileDirectClub, LLC v. Candid Care Co.*, C.A. No. 20-583-CFC, D.I. 1 (D. Del. April 29, 2020) ("First Delaware Lawsuit"). On June 19, 2020, Candid moved to dismiss the First Delaware Lawsuit under Rule 12(b)(6) for failure to state a claim because the '522 patent claims are directed to the patent-ineligible abstract idea of teleorthodontics: providing dental aligners directly

4

to the patient without the patient ever physically seeing a dentist or orthodontist. First Delaware Lawsuit, D.I. 12, 13.

Six months after filing the First Delaware Lawsuit, SDC filed a motion for a preliminary injunction. First Delaware Lawsuit, D.I. 22, 23. SDC based its motion on a professed need to address an irreparable harm, but later admitted during the Texas Lawsuit that it filed the preliminary injunction motion "just to get the Court to pick up the file." Texas Lawsuit, 2021-07-22 Hearing Tr. at 22:18-23. This Court held a conference on November 4, 2020, during which it noted that the '522 patent "is by far, of all the patents I have come across, the one that strikes me as suspect. I just find it really hard to understand how this patent is an allowed patent." First Delaware Lawsuit, D.I. 29 at 10:10-13. On December 7, 2020, the Court granted Candid's motion to dismiss and issued a comprehensive opinion finding each claim of the '522 patent invalid under 35 U.S.C. § 101 as directed to patent-ineligible subject matter. *See SmileDirectClub, LLC v. Candid Care Co.*, 505 F. Supp. 3d 340, 353 (D. Del. 2020) *aff'd* 856 F. App'x 893 (Fed. Cir. 2021). The Federal Circuit summarily affirmed the Court's decision on August 17, 2021, in a Rule 36 affirmance. *See SmileDirectClub, LLC v. Candid Care Co.*, 856 F. App'x 893 (Fed. Cir. 2021).

In the First Delaware Lawsuit, SDC relied on U.S. Patent Application No. 16/859,950 ("the '950 application") in support of its position that the claims of

the '522 patent are not directed to patent-ineligible subject matter. *See* First Delaware Lawsuit, D.I. 21, D.I. 23 at 11-12.[2] The '599 patent is a continuation of the '522 patent and, as described by SDC, "contains substantially similar claims to [the claims of the '522 patent]. … For instance, claim 20 of the '950 application [which issued as claim 16 of the '599 patent] and claim 1 of the '522 patent both claim the near identical methods for producing aligners." First Delaware Lawsuit, D.I. 23 at 11-12. At the November 4, 2020 hearing in the First Delaware Lawsuit noted above, SDC's counsel represented that the '522 patent claims are "very, very similar, if not identical" to the '599 patent claims. First Delaware Lawsuit, 2020-11-04 Hearing Tr. at 12:5-18. A redline comparison of claims 1-10 of the '522 patent and claims 16-25 of the '599 patent[3] confirms that the two sets of claims are nearly identical, with only superficial differences that are immaterial to the question of patent ineligibility under 35 U.S.C. § 101. *See* Delaware DJ Action, D.I. 1-1 at Ex. 5.

In the First Delaware Lawsuit, SDC expressly stated that it intended to pursue a claim for infringement of the '599 patent against Candid before this Court upon the patent's issuance. *See* First Delaware Lawsuit, D.I. 23 at 12 n.1. But on

---

[2] The '950 application issued as the '599 patent, which is the subject of the '599 Patent Cases.

[3] In its preliminary infringement contentions, SDC accused Candid of infringing only claims 16 and 18-22 of the '599 patent.

December 8, 2020, the day after this Court invalidated the '522 patent and the day the '599 patent issued, SDC changed course and filed the Texas Lawsuit, asserting infringement of the '599 patent against Candid for the same accused business practices that SDC had accused of infringing the '522 patent in the First Delaware Lawsuit, *i.e.*, Candid's Studio business model and workflow.  Texas Lawsuit, D.I. 1. Candid in turn filed a declaratory judgment action in this Court—SDC's initially chosen forum—asserting, *inter alia*, that SDC is collaterally estopped from asserting the '599 patent against Candid, or in the alternative, that each claim of the '599 patent is invalid under 35 U.S.C. § 101 as directed to a patent-ineligible abstract idea.  Delaware DJ Action, D.I. 1.

On January 4, 2021, Candid filed a motion to dismiss the Texas Lawsuit, arguing that SDC was collaterally estopped from asserting the '599 patent against Candid because the '599 patent claims are virtually identical to the '522 patent claims that were found invalid by this Court.  Texas Lawsuit, D.I. 12 at 1. SDC opposed, arguing that dismissal was improper because "there are clear differences in the scope of the claims of the '522 and '599 patents," and that claim construction was necessary.  Texas Lawsuit, D.I. 17 at 9-10.  This assertion of "clear differences" was diametrically opposed to what SDC said just a few months earlier in the First Delaware Lawsuit, when it told this Court that the claims were "very, very similar, if not identical."  First Delaware Lawsuit, 2020-11-04 Hearing Tr. at

12:5-18.  SDC also attacked this Court's decision invalidating the '522 patent as "fatally flawed" and issued for "non-legal reasons,"  asserting (1) that this Court had "belittl[ed] SDC's business and impl[ied] that the Delaware action was relatively unimportant"; (2) that this Court was "simply too busy to devote its full attention to matters at hand"; and (3) that this Court gave "little more than a cursory review" to the ineligibility issues.  Texas Lawsuit, D.I. 17 at 16.

Meanwhile in the Delaware DJ Action, on January 19, 2021, SDC moved to dismiss or in the alternative transfer to Texas, arguing that the Texas Lawsuit was the first-filed case.  Delaware DJ Action, D.I. 9.  And in the Texas Lawsuit, on February 26, 2021, Candid filed a contingent motion to transfer to Delaware based on the first-filed rule and principles of comity and judicial economy. *See* Texas Lawsuit, D.I. 24.

While the Texas motion to dismiss and motion to transfer were pending, the Texas case went forward in accordance with Judge Albright's normal procedures, which included among other things the exchange of infringement and invalidity contentions, a production of core technical documents and prior art by Candid, and the submission of claim construction briefs.

On July 1, 2021, the Texas court denied Candid's motion to dismiss, largely because it felt claim construction was needed to assess SDC's assertions that the claims are clearly different.  Texas Lawsuit, D.I. 35 at 5.  Then, on July 19, 2021,

the Texas court cancelled the *Markman* hearing that was scheduled for July 23, 2021, and in its place set a July 22, 2021 hearing on Candid's motion to transfer. *See* Texas Lawsuit, D.I. 40 (order cancelling *Markman* hearing); D.I. 39 (order setting hearing on Candid's motion to transfer).

On July 30, 2021, this Court denied SDC's motion to dismiss/transfer in the interest of judicial and litigant economy, chiding SDC for its "litigation gamesmanship" and "flexibility with the truth." Delaware DJ Action, D.I. 15 at 6-7. Shortly thereafter, the Texas court granted Candid's motion to transfer the Texas Lawsuit to this Court, holding that "it would be inefficient and injudicious for this Court to duplicate Judge Connolly's effort" and finding that that SDC had engaged in "blatant forum shopping." Texas Lawsuit, D.I. 46 at 3. On August 6, 2021, SDC filed a motion for reconsideration of the Court's July 30 Order, referencing among other things what it called the "repeated prior factual errors" and "false and unsubstantiated" statements of this court. *See* Delaware DJ Action, D.I. 17 at 3-4. At an August 18, 2021 hearing, the Court invited SDC to withdraw its motion for reconsideration and SDC declined to do so. *See* Delaware DJ Action, 2021-08-18 Hearing Tr. at 10:6-8.

On September 20, 2021, SDC unilaterally granted Candid a covenant not to sue with respect to the '599 patent and thereafter moved to dismiss the '599 Patent Cases based on lack of subject matter jurisdiction. Delaware DJ Action,

D.I. 30, D.I. 31. On October 5, 2021, the Court dismissed SDC's infringement claims with prejudice, and dismissed Candid's claims without prejudice. Delaware DJ Action, D.I. 33.

## V.   **LEGAL STANDARD**

The Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. There are two requirements to for being awarded attorney fees: (1) the case is "exceptional" and (2) the party seeking fees is a "prevailing party." *Finnavations LLC v. Payoneer, Inc.*, C.A. No. 18-444-RGA, 2019 WL 1236358, at *1 (D. Del. Mar. 18, 2019). An "exceptional" case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). The determination is made on case-by-case basis, "considering the totality of the circumstances." *Id*. A non-exhaustive list of factors to consider includes "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6. A prevailing party is one who has received a judicial declaration altering the legal relationship between the parties in its favor. *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1305 (Fed. Cir.

2018).   A dismissal with prejudice is such a judicial declaration.   *Id.* at 1306-08.
A party must prove its entitlement to fees under § 285 by a preponderance of the
evidence.   *Octane Fitness*, 572 U.S. at 557-58.

## VI.   <u>ARGUMENT</u>

### A.   THE COURT RETAINS JURISDICTION OVER CANDID'S ATTORNEYS' FEES MOTION

A court retains jurisdiction for purposes of awarding reasonable
attorneys' fees to the prevailing party even after the underlying case is dismissed as
a result of a covenant not to sue.   *Highway Equip. Co., Inc. v. FECO, Ltd.*, 469 F.3d
1027, 1032-33 (Fed. Cir. 2006).   The parties agree that this Court retains jurisdiction
to rule on Candid's motion for attorneys' fees.   *See* Delaware DJ Action, D.I. 33.

### B.   CANDID IS A PREVAILING PARTY IN THESE CASES

Candid became the prevailing party when this Court dismissed SDC's
claims with prejudice following SDC's unilateral grant of the covenant not to sue
Candid on the '599 patent.   Delaware DJ Action, D.I. 33.   This dismissal with
prejudice, based on the covenant not to sue, has "the necessary judicial imprimatur
to constitute a judicially sanctioned change in the legal relationship of the parties,"
such that Candid is the prevailing party for purposes of seeking attorneys' fees under
35 U.S.C. § 285.   *Highway Equip.*, 469 F.3d at 1035.

## C.   THE '599 PATENT CASES ARE EXCEPTIONAL

The '599 Patent Cases easily "stand[] out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case)" and "the unreasonable manner in which the case[s were] litigated." *Octane Fitness*, 572 U.S. at 554. Applying the non-exclusive list of factors under *Octane Fitness*, it is evident these cases are exceptional.

### 1.   SDC's assertion of the '599 patent after this Court invalidated the '522 patent was objectively frivolous

The infringement assertions on the '599 patent should not have been brought by SDC at all. While "[t]here exists a 'presumption that the assertion of infringement of a duly granted patent is made in good faith," *Inventor Holdings, LLC v. Bed Bath & Beyond Inc.*, C.A. No. 14-448-GMS, 2016 WL 3090633, at *2 (D. Del. May 31, 2016), *aff'd*, 876 F.3d 1372 (Fed. Cir. 2017), that presumption is not absolute and "all plaintiffs have a duty to critically assess the merits of their case prior to suit. … The issuance of a patent cannot and should not be a license to sue with abandon." *Finnavations*, 2019 WL 1236358, at *2. In asserting the '599 patent in the wake of this Court's order invalidating the '522 patent, it is not possible that SDC could have made the kind of critical assessment that the law requires. SDC either failed entirely to undertake it, or, based on the facts in Section VI.C.2 below

regarding its "flip-flopping" positions and "flexibility with the truth," affirmatory ignored its objectively meritless position and brought suit anyway.

The assessment of SDC's substantive position on the '599 patent must begin with the "very, very similar, if not identical" claims of the '522 patent that were found invalid by this Court. After an initial review of the claims of the '522 patent and the parties' briefing, this Court recognized the problems with the '522 patent claims: "This patent is by far, of all the patents I have come across, the one that strikes me as suspect. I just find it really hard to understand how this patent is an allowed patent." First Delaware Lawsuit, 2020-11-04 Hearing Tr. at 10:10-13. About a month later, on December 7, 2020, this Court issued a comprehensive opinion finding the claims of the '522 patent invalid for being directed to ineligible subject matter. *See SmileDirectClub*, 505 F. Supp. 3d at 353.

Faced with this Court's invalidating order, SDC should have withdrawn the '599 patent from issue.[4] Instead, SDC obtained the '599 patent and immediately

---

[4]      SDC could have and should have withdrawn the '599 patent from issue and informed the USPTO of this Court's decision regarding the invalidity of the '522 patent, but instead let the '599 patent issue, no doubt to avoid derailing its plan to the lawsuit in Texas the next day. *See* MPEP § 2001.04 ("The duty to disclose information … does not end when an application becomes allowed but extends until a patent is granted on that application."); MPEP § 1308(I)(B) ("[A] petition to withdraw an application from issue may be granted as late as one day prior to the patent issue date …."). Notably, prior to its December 7, 2021 order, this Court held a December 4, 2021 status conference to give the parties advance notice that the patent invalidating order would be coming, giving SDC ample time to withdraw the '599 patent from issue.

brought its infringement lawsuit in a different court on claims that any reasonable litigant would have objectively assessed as invalid.  At the time it filed its complaint, SDC was undisputedly on notice that those claims were invalid for claiming patent-ineligible subject matter.  This alone warrants a finding of exceptionality.  *See, e.g.*, *Inventor Holdings*, 2016 WL 3090633 at *3 ("Ultimately, however, the court concludes that by the time of the *Alice* decision, IH was on notice that its claims, much like the claims in *Bilski* and *Alice*, covered an abstract idea … Thus, whatever merit IH's claims had at the outset of litigation, by the time of the *Alice* decision, the business method claims in … were objectively ineligible under § 101."); *see also Finnavations*, 2019 WL 1236358 at *2 ("This was not a 'borderline case' with an unpredictable result.  Any reasonable patent attorney with an understanding of Section 101 law could have predicted the outcome.").  And, unlike *Inventor Holdings*, SDC cannot credibly argue that "the validity of the ['599 patent] had some merit at the outset of litigation," *see Inventor Holdings*, 2016 WL 3090633 at *2, because SDC itself recognized that the claims of the '599 patent and '522 patent rose and fell together due to the virtual identicality between the claims.

These facts alone support a finding that the case "stands out from others" and is exceptional under § 285.

2.    **SDC's conduct in these litigations was objectively unreasonable**

In addition to the objective unreasonableness of SDC's substantive position, SDC's conduct throughout these litigations has been egregious.

First, as explained above, SDC should never have brought the lawsuit on the '599 patent at all.  And SDC certainly should not have brought the case in the Western District of Texas in a "blatant forum shopping attempt" to avoid this Court's prior invalidity ruling on "very, very similar, if not identical" patent claims.  Texas Lawsuit, D.I. 46 at 3; First Delaware Lawsuit, 2020-11-04 Hearing Tr. at 12:11-15.

Second, as this Court has recognized, SDC engaged in "litigation gamesmanship" and demonstrated a "flexibility with the truth." *Candid Care Co. v. SmileDirectClub, LLC*, C.A. No. 20-1764-CFC, 2021 WL 3269092 at *3 (D. Del. July 30, 2021).  As this Court noted:

> Last year, when it wanted me to issue a preliminary injunction against Candid Care, SmileDirectClub stated that the #599 and #522 patents are "very, very similar, if not identical," that they have "substantially similar claims," and that they "both claim the near identical methods."  But in January of this year, when it wanted Judge Albright to deny Candid Care's motion to dismiss the Texas case, SmileDirectClub told Judge Albright that "there are clear differences in the scope of the claims" of the two patents. … SmileDirectClub's flexibility with the truth counsels against applying the first-to-file rule to this action.

*Id.*  Even more troubling is that while SDC was arguing "clear differences in the scope of the claims" to the Texas court in opposing Candid's motion to dismiss on

15

collateral estoppel grounds, SDC simultaneously was arguing to the Federal Circuit on the '522 patent appeal that the '599 patent had "similar claims" as evidence of patent eligibility of the '522 patent claims that were held invalid by this Court. Appeal No. 21-1446, D.I. 10 at 9 n.3, 35 (Fed. Cir. Feb. 22, 2021).[5]  These flip-flopping, inconsistent positions were objectively unreasonable.

SDC's flexibility with the truth did not stop there.   In opposing Candid's motion to dismiss on collateral estoppel grounds, SDC told the Texas court that it did not have a full and fair opportunity to litigate patent eligibility in this Court.  Texas Lawsuit, D.I. 17 at 11-16.  SDC made the following representations, each of which is demonstrably false:

- "SDC barely had the opportunity to litigate the '522 patent in the prior case."  *Id.* at 11.

- "The Delaware Ruling, however, was far from comprehensive. In fact, the scope and validity of the '522 patent received little more than a cursory review in the Delaware action."  *Id.* at 14.

- "Additionally, the judge presiding over the Delaware action indicated that there were certain non-legal reasons he was

---

[5]      When Candid pointed out this blatant inconsistency to the Federal Circuit in its responsive brief, SDC's reply was that "this material is outside the District Court record here on appeal, and should not be considered in any event."  Appeal No. 2021-1446, D.I. 16 at 13 n. 3.

unwilling to proceed with litigation on the '522 patent. In particular, the Delaware court made a number of comments belittling SDC's business and implying that the Delaware action was relatively unimportant because the dispute over this patent '[was] not like somebody's you know, somebody's life is at stake, on a cancer drug,' …, and that the court was simply too busy to devote its full attention to the matters at hand." *Id.* at 15-16.

These reckless assertions were utterly false. This Court issued a comprehensive decision on the § 101 eligibility issue; one so comprehensive in fact, that the Federal Circuit summarily affirmed it *per curiam* pursuant to Fed. Cir. Rule 36. *See SmileDirectClub*, 505 F. Supp. 3d 340, *aff'd* 856 F. App'x 893 (Fed. Cir. 2021). This Court certainly did not invalidate the '522 patent claims for "non-legal" reasons or "belittle" SDC's business in any way.

Third, SDC's objectively unreasonable conduct is further evidenced by the fact that even after the Texas court transferred the Texas lawsuit to this Court, SDC continued to press its motion for reconsideration of this Court's order denying SDC's motion to transfer the case to Texas, forcing Candid to file an opposition. In its reconsideration motion, SDC aggressively attacked this Court's capabilities by alluding to "repeated prior factual errors," "false and unsubstantiated statements,"

and "a fundamental misunderstanding of the meaning and scope of the term 'teleorthodontics.'"  *See* Delaware DJ Action, D.I. 17 at 3-4.  SDC still declined to withdraw its reconsideration motion even after conceding in open court that "the reconsideration isn't going to be granted."   Delaware DJ Action, 2021-08-18 Hearing Tr. at 10:6-8.

Finally, SDC's objectively unreasonable conduct is evidenced by its pattern of vexatious litigation against Candid, bringing one meritless lawsuit after another in a bid to drive up litigation costs and attempt to put its competitor out of business.  SDC first sued Candid in 2018 in the Supreme Court of New York in a case where the judge expressed that he had "rarely seen a more meritless claim" and that SDC was "just trying to put a competitor out of business."  Delaware DJ Action, D.I. 1 at ¶ 3, D.I. 1-1 at Ex. 2; New York Lawsuit, Doc. No. 91 at 12:19-20; 15:4-7. SDC then sued Candid on the '522 patent in this Court, and any reasonable litigant with knowledge of § 101 post-*Alice* would have recognized the meritless claim. Indeed, after reviewing the § 101 briefing and the '522 patent, this Court expressed that '522 patent was "by far, of all the patents I have come across, the one that strikes me as suspect.  I just find it really hard to understand how this patent is an allowed patent."  First Delaware Lawsuit, 2020-11-04 Hearing Tr. at 10:10-13.  And, while that case was pending, SDC filed a meritless motion for a preliminary injunction "just to get the Court to pick up the file."  Texas Lawsuit, 2021-07-22 Hearing Tr.

at 22:18-23.  Finally, after losing in this Court—SDC's chosen forum for the patent dispute regarding Candid's Studios—on the '522 patent eligibility issue, SDC immediately fled this Court in hopes for a "redo" on the '599 patent in Texas, all while knowing those claims were invalid under § 101 because they are "very, very similar, if not identical" to the '522 patent claims, they have "substantially similar claims," and they "both claim the near identical methods."  First Delaware Lawsuit, 2020-11-04 Hearing Tr. at 12:11-14; *see also* First Delaware Lawsuit, D.I. 23 at 11-12.

### 3.   Candid's conduct throughout these cases was wholly reasonable

The movant's conduct is also relevant to the exceptional case inquiry. *See Rothschild Digital Confirmation, LLC v. CompanyCam, Inc.*, 494 F. Supp. 3d 263, 268 (D. Del. 2020) (citing *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prod., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015)).  In stark contrast to SDC's conduct, Candid's conduct throughout the '599 Patent Cases has been wholly reasonable and designed to achieve a swift and efficient adjudication of an infringement claim that SDC had no business bringing in the first place.

After SDC filed the Texas Lawsuit, Candid reasonably responded by filing the Delaware DJ Action given this Court's experience with the similar '522 patent, moving to dismiss the Texas Lawsuit, and filing a contingent motion to transfer the Texas Lawsuit to Delaware.  These were all steps any reasonable litigant

would have made in the face of "blatant forum shopping" and "litigation gamesmanship." *See, e.g.*, *Cosden Oil & Chemical Co. v. Foster Grant Co., Inc.*, 432 F. Supp. 956 (D. Del. 1977) *aff'd* 577 F.2d 725 (3d Cir. 1978) (accused infringer filed declaratory judgment claim in the court initially seized of the controversy after an infringement lawsuit was filed by patent owner in different venue); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971) (same); *VoIP-Pal.com, Inc. v. Verizon Commc'ns., Inc.*, No. 6:20-cv-00327-ADA, D.I. 17, at 4-5 (W.D. Tex. July 9, 2020) (same).

Throughout these SDC-Candid cases, Candid never made a meritless motion, flip-flopped on positions, or took liberties with the truth. Unlike SDC, Candid has made every attempt to resolve these cases without significant litigant expenditure or waste of judicial resources.

### 4. The totality of the circumstances warrants finding these cases exceptional

For the reasons explained, the totality of the circumstances demonstrates that the '599 Patent Cases stand out from others with respect to both the objective weakness of SDC's litigating position and the unreasonable manner in which SDC litigated these cases. Accordingly, this Court should deem these cases exceptional under § 285.

### D.   CANDID SHOULD BE AWARDED ITS REASONABLE ATTORNEYS' FEES

After finding a case exceptional under § 285, the court next considers whether an award of attorneys' fees is appropriate. *See Rothschild*, 494 F. Supp. 3d at 268. Courts will award fees "to advance considerations of compensation and deterrence," *Octane Fitness*, 572 U.S. at 554, and will routinely do so where there is "bad faith" or "exceptionally meritless claims," *Inventor Holdings*, 2016 WL 3090633, at *3, or where a plaintiff "never should have filed suit asserting … clearly patent ineligible claims," *Finnavations*, 2019 WL 1236358, at *2.

Here, there is a clear need for compensation to Candid and deterrence of SDC's repeated assertion of meritless claims against Candid. As a result of SDC's commencement and prosecution of the Texas Lawsuit, Candid was forced to incur legal fees in (1) preparing the declaratory judgment complaint on the '599 patent; (2) filing a motion to dismiss the Texas Lawsuit; (3) moving to transfer the Texas Lawsuit to Delaware; (4) preparing invalidity contentions in the Texas Lawsuit; (5) collecting and producing documents in the Texas Lawsuit, including core technical documents and prior art; (6) fully briefing claim construction in the Texas Lawsuit and preparing for a Markman hearing (which ultimately was cancelled by the court four days before it was scheduled to take place, in favor of a hearing on Candid's motion to transfer); and (7) opposing SDC's motion to dismiss or in the alternative transfer the Delaware DJ Action and its request for reconsideration of

this Court's denial of that motion.  None of these would have been incurred by Candid had SDC not filed suit on the objectively ineligible '599 patent claims.

## VII.   <u>CONCLUSION</u>

For the foregoing reasons, Candid respectfully requests that this Court find these cases exceptional and award Candid its reasonable attorneys' fees.  As discussed during the September 29, 2021 hearing, if the present motion is granted, Candid will provide an accounting of the fees it seeks and will explain why those fees are reasonable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Candid Care Co.*

OF COUNSEL:

Michael P. Sandonato
Sean M. McCarthy
Joshua D. Calabro
VENABLE LLP
Rockefeller Center
1270 6th Avenue
New York, NY  10020
(212) 307-5500

Edmund J. Haughey
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC  20001
(202) 344-4000

October 19, 2021

## **CERTIFICATE OF WORD COUNT AND TYPEFACE COMPLIANCE**

The undersigned hereby certifies that the foregoing brief contains 4,960 words, which is less than the 5,000 allowed under the Court's Standing Order Regarding Briefing in All Cases.  The undersigned also certifies that the foregoing document is typed in Times New Roman, 14-point font.

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 19, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 19, 2021, upon the following in the manner indicated:

Kenneth L. Dorsney, Esquire                                *VIA ELECTRONIC MAIL*
Cortlan S. Hitch, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
*Attorneys for Defendant SmileDirectClub,*
*LLC*

Cynthia J. Rigsby, Esquire                                *VIA ELECTRONIC MAIL*
Jack T. Carroll, Esquire
Sarah E. Rieger, Esquire
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI  53202
*Attorneys for Defendant SmileDirectClub,*
*LLC*

Kelsey C. Boehm, Esquire                                *VIA ELECTRONIC MAIL*
FOLEY & LARDNER LLP
600 17th Street, Suite 2020S
Denver, CO  80202
*Attorneys for Plaintiff SmileDirectClub, LLC*

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)