## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANDID CARE CO.,<br><br>       Plaintiff,<br><br>   v.<br><br>SMILEDIRECTCLUB, LLC,<br><br>       Defendant. | C.A. No. 1:20-cv-01764 (CFC) |
| SMILEDIRECTCLUB, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>CANDID CARE CO.,<br><br>       Defendant. | C.A. No. 1:21-cv-01165 (CFC) |

## BRIEF IN OPPOSITION TO CANDID CARE CO.'S MOTION FOR ATTORNEYS' FEES

OF COUNSEL:

Cynthia J. Rigsby (*pro hac vice*)
Kelsey C. Boehm (*pro hac vice*)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 271-2400

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for*
*SmileDirectClub, LLC*

# **TABLE OF CONTENTS**

I.    NATURE AND STAGE OF THE PROCEEDINGS.....................................1

II.   SUMMARY OF THE ARGUMENT ........................................................1

III.  STATEMENT OF FACTS........................................................................2

IV.  ARGUMENT..........................................................................................5

     A.   Candid Has Not Demonstrated that This Case is Exceptional
          under 35 U.S.C. §285. ...................................................................5

     B.   SDC's Substantive Legal Positions Were Supported and Not
          Objectively Unreasonable or Meritless...........................................6

          1.   The USPTO and the Texas Court Supported SDC's
                Substantive Position........................................................6

          2.   The Cases Candid Cites are Inapposite.....................................10

          3.   Candid's Patenting Activity Undermines Its Allegations.........11

     C.   SDC's Litigation Conduct Was Objectively Reasonable,
          Supported by Appropriate Authority, and not Exceptional. ...............11

          1.   SDC Promptly Provided A Covenant Not To Sue...................12

          2.   SDC's Decision Not to Delay Filing the '599 Case Is Not
                Exceptional.................................................................14

          3.   SDC's Decision to File Its '599 Patent Case in Texas Is
                Not Exceptional.............................................................15

          4.   SDC's Motion Practice was Reasonable and Not
                Exceptional.................................................................17

          5.   Candid's Motion Practice Increased Costs ...............................18

          6.   SDC's Litigation Conduct was Reasonable and Not
                Exceptional.................................................................19

V.   CONCLUSION.......................................................................................22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
    573 U.S. 208 (2014)...................................................................................10, 11

*Broadsoft, Inc. v. Callwave Communs., LLC*,
    2019 U.S. Dist. LEXIS 133383 (D.Del. Aug. 8, 2019).......................................6

*Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc.*,
    393 F.3d 1378 (Fed.Cir. 2005) ...........................................................................6

*Cellectis S.A. v. Precision Biosciences, Inc*.,
    858 F. Supp. 2d 376 (D.Del. 2012)...............................................................15, 17

*Finnavations, LLC v. Payoneer, Inc.*,
    2019 U.S. Dist. LEXIS 45306 (D.Del. Mar. 18, 2019) ....................................10

*Garfum.com Corp. v. Reflections by Ruth*,
    2016 U.S. Dist. LEXIS 174134 (D.N.J. Dec. 16, 2016)...........................7, 9, 11

*ICON Health & Fitness, Inc. v. Octane Fitness, LLC*,
    576 F. App'x 1002 (Fed.Cir. 2014) .....................................................................5

*Intellectual Ventures I, LLC v. Canon Inc.*,
    143 F. Supp. 3d 143 (D.Del. 2015)......................................................................7

*Internet Media Interactive Corp. v. Shopify Inc*.,
    2020 U.S. Dist. LEXIS 196396 (D.Del. Oct. 22, 2020)...............................18, 20

*Inventor Holdings, LLC v. Bed Bath & Beyond Inc*.,
    2016 U.S. Dist. LEXIS 70345 (D.Del. May 31, 2016) .....................................10

*Johnson v. Bemis*,
    Co., 2012 WL 3562025 (E.D.Wis. Aug. 17, 2012)...........................................13

*Octane Fitness, LLC v. ICON Health & Fitness, Inc*.,
    572 U.S. 545 (2014)..................................................................................5, 6, 11

*SFA Sys., LLC v. Newegg Inc.*,
    793 F.3d 1344 (Fed.Cir. 2015) ............................................................................6

*SmileDirectClub, LLC, v. Candid Care Co.*,
　1-20-cv-00538 (D.Del. 2020) .................................................................2

*Sound View Innovations, LLC v. Walmart Inc.*,
　2019 U.S. Dist. LEXIS 220336 (D.Del. Dec. 23, 2019) ...............................7, 14

*Springs Window Fashions LP v. Novo Indus., L.P.*,
　323 F.3d 989 (Fed.Cir. 2003) ...............................................................14

*Sprint Communs. Co., L.P. v. Cequel Communs., LLC*,
　2021 U.S. Dist. LEXIS 86870 (D.Del. May 6, 2021) ........................................12

*Stevedoring Services of America v. Armilla Int'l B.V.*,
　889 F.2d 919 (9th Cir. 1989) ...............................................................13

*Tenstreet, LLC v. DriverReach, LLC*,
　2021 U.S. Dist. LEXIS 158688 (S.D.Ind. Aug. 23, 2021) ................................11

*Visto Corp. v. Sproqit Technologies, Inc.*,
　2007 WL 160942 (N.D.Cal Jan. 17, 2007)........................................................12

*YYZ, LLC v. Pegasystems, Inc.*,
　2016 U.S. Dist. LEXIS 58397 (D.Del. May 2, 2016) .........................................7

**Statutes**

35 U.S.C. §101 .................................................... 1, 2, 4, 6, 7, 8, 9, 10, 11, 15, 20, 21

35 U.S.C. §285............................................................................1, 5, 6, 7, 12, 21

## I.    NATURE AND STAGE OF THE PROCEEDINGS

SmileDirectClub, LLC ("SDC") submits its response to Candid Care Co.'s ("Candid") motion for attorneys' fees under 35 U.S.C. §285, based on SDC's assertion of U.S. Patent No. 10,861,599 ("the '599 patent").

## II.   SUMMARY OF THE ARGUMENT

This is not an exceptional case. SDC had a reasonable basis to assert the '599 patent in light of the USPTO's favorable consideration of the §101 issue. Ample authority indicated that SDC was not required to litigate the '599 patent in the District of Delaware, and that SDC was not required to wait until the conclusion of the '522 patent appeal to bring suit on the '599 patent. SDC's decision to bring and continue this litigation was further supported by another court's rejection of Candid's motion to dismiss the '599 case based on the '522 patent's dismissal under §101. SDC litigated this matter reasonably. And shortly after the Federal Circuit affirmed the dismissal of the '522 Case, SDC covenanted not to sue on the '599 patent and voluntarily dismissed this case.

A fee award is unwarranted given the uncertainty of the law concerning §101 and because SDC promptly sought resolution of the case following the Federal Circuit decision.

## III.   STATEMENT OF FACTS

On April 29, 2020, SDC filed a patent infringement suit against Candid in Delaware asserting infringement of U.S. Patent No. 10,636,522 ("the '522 patent")("the '522 Case"). (*SmileDirectClub, LLC, v. Candid Care Co.,* 1-20-cv-00538 (D.Del. 2020); D.I.1.) Candid filed a motion to dismiss based on 35 U.S.C. §101. (*Id.*; D.I.12-13.) While that motion was pending, SDC indicated the '599 patent was soon to issue, the USPTO had agreed to issue it after having reviewed all of the §101 briefing from the '522 Case, and SDC "intend[ed] to add this new patent to ***this*** litigation." (*Id.*; D.I.23, at p.12n.1 (emphasis added).) On December 7, the Court granted Candid's motion to dismiss, without oral argument, and closed the case. (*Id.*; D.I.51.) SDC immediately appealed. (*Id.*; D.I.53.)

On December 8, the USPTO issued the '599 patent. (1-20-cv-1115; D.I.1.) [1] At that point, no case existed to which the '599 patent could be added, as SDC originally intended. SDC chose to file its infringement suit in Texas ("the Texas Case"), in a venue which (unlike Delaware) Candid has physical locations. (*Id.*)[2] On

---

[1] For clarity, citations to the record will include the case number.

[2] The statistics available at the time reflected an average of 20.4 months between filing to trial for civil cases in the Western District of Texas. *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0930.2020.pdf.

December 23, Candid filed a duplicative suit for declaratory judgment in Delaware ("the DJ Case"). (20-cv-1764; D.I.1.)

In the Texas Case, the parties moved forward on a schedule that involved exchanging contentions and claim construction positions. In both cases, the parties moved to dismiss and transfer. On January 4, 2021, Candid moved to dismiss the Texas Case, arguing that the case was barred by collateral estoppel based on the '522 Case's dismissal. (1-20-cv-1115; D.I.12.) On January 19, SDC moved to dismiss or transfer the DJ Case based on the first-to-file rule. (1-20-cv-1764; D.I.7-8.) On February 26, Candid moved to transfer the Texas case to Delaware. (1-20-cv-1115; D.I.24.)

On March 15, 2021 during the hearing on Candid's motion to dismiss, the Texas court stated that it was "not worried about forum shopping" on the part of SDC. (*Id.* D.I.26 at 36:25.)

On July 1, 2021 the Texas court denied Candid's motion to dismiss the Texas Case noting that it would not accept Candid's "far-fetched invitation based on two unsound presumptions" and confirming the appropriateness of SDC initiating an action on the '599 patent while the '522 patent was on appeal. (1-20-cv-1115; D.I.35, at p.6.) The Texas court recognized the "real significances of the apparent differences between the claim languages of the '599 patent and the '522 patent," and held that "it would be unwise for the Court to determine whether the '599 patent is

3

ineligible or not under §101 at this stage of the case." (*Id.* at 5.) The Texas court further noted the inequity that would result if it accepted Candid's invitation to impose collateral estoppel on the '599 patent based on a decision as to the '522 patent that could subsequently get overturned in the pending appeal. Moreover, given the "the lack of clarity from the current state of law regarding patent ineligibility under §101," the Texas court was particularly hesitant to give this Court's '522 ruling preclusive effect. (*Id.* at 7 (citing Delaware precedent).)

On July 30, 2021 this Court denied SDC's motion to dismiss the DJ Case finding it the first-filed case. (1-20-cv-1764; D.I.15.) SDC sought reconsideration. (*Id.*; D.I.17.) However, on August 11, the Texas court granted Candid's motion to transfer the Texas Case to Delaware. (1-21-cv-1165; D.I.46.) Then on August 17, the Federal Circuit affirmed the Court's dismissal of the '522 Case. (21-1446; D.I.32.)

Two weeks after the Federal Circuit's ruling on the '522 patent, SDC provided a draft covenant not to sue to Candid, indicating its intention to voluntarily dismiss its claims on the '599 patent in light of the Federal Circuit's affirmance. (1-20-cv-01764; D.I.31, at p.2.) This Court granted SDC's unopposed motion to dismiss on October 5, 2021. (1-20-cv-01764; D.I.33.) Candid then filed the present motion. (20-cv-01764; D.I.34-5.)

## IV.   ARGUMENT

### A.   Candid Has Not Demonstrated that This Case is Exceptional under 35 U.S.C. §285.

To recover under §285, a court must first determine whether the prevailing party has proven an exceptional case by a preponderance of the evidence. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 557-8 (2014). If so, the court must then determine whether an award of attorneys' fees is appropriate. *ICON Health & Fitness, Inc. v. Octane Fitness, LLC,* 576 F. App'x 1002, 1005 (Fed.Cir. 2014)(on remand). Under §285, "exceptional" has its ordinary meaning of "'uncommon,' 'rare,' or 'not ordinary.'" *Octane,* 572 U.S. at 554. Thus, an exceptional case "stands out from others." *Id.* Reasons for finding a case "exceptional" include: lack of substantive strength of litigating position (considering both the governing law and the facts of the case), subjective bad faith, or unreasonable conduct. *Id.* at 554.

Candid failed to prove that this case "stands out from others with respect to the substantive strength of a party's litigating position…or the unreasonable manner in which the case was litigated," or that SDC pursued the '599 patent in bad faith. *Id*. SDC's substantive legal positions have not been exceptionally meritless. SDC's conduct in this litigation has been reasonable and consistent with caselaw, and there is no basis for any allegation of bad faith. This is not a "rare case" warranting the imposition of attorneys' fees.

5

**B.  SDC's Substantive Legal Positions Were Supported and Not Objectively Unreasonable or Meritless.**

A patentee's "enforcement of patent rights that are reasonably believed to be infringed does not entail special penalty [under §285] when the patentee is unsuccessful." *Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc.,* 393 F.3d 1378, 1384 (Fed.Cir. 2005). Indeed, "a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith." *Id.*; *see also Octane*, 572 U.S. at 548 (fees are not "a penalty for failure to win a patent infringement suit," but are appropriate only "in extraordinary circumstances"). It is the "'substantive strength of the party's litigating position' that is relevant to an exceptional case determination, not the correctness or eventual success of that position." *SFA Sys., LLC v. Newegg Inc.,* 793 F.3d 1344, 1348 (Fed.Cir. 2015)(quoting *Octane,* 572 U.S. 554).

**1.  The USPTO and the Texas Court Supported SDC's Substantive Position.**

Patents are presumptively valid.[3] Moreover, "[c]ourts in this district have been reluctant to find exceptional case status based on a patent's invalidity under §101." *Broadsoft, Inc. v. Callwave Communs., LLC*, 2019 U.S. Dist. LEXIS 133383, at *7 (D.Del. Aug. 8, 2019). Indeed, "the "§101 analysis is an evolving state of the law

---

[3] Candid does not challenge the subjective strength of SDC's Infringement Position. Infringement has never been meaningfully contested in either the '522 or '599 case.

and a difficult exercise, which does not lend itself to, *e.g.*, shifting fees pursuant to 35 U.S.C. §285." *YYZ, LLC v. Pegasystems, Inc.,* 2016 U.S. Dist. LEXIS 58397, at *4 (D.Del. May 2, 2016); *Intellectual Ventures I, LLC v. Canon Inc.*, 143 F. Supp. 3d 143, 172 and n.34 (D.Del. 2015)(same); *see also Garfum.com Corp. v. Reflections by Ruth,* 2016 U.S. Dist. LEXIS 174134, at *12, *23 (D.N.J. Dec. 16, 2016)(collecting cases). The articles and case citations regarding the complexity and troubling state of the law with regard to §101 are legion.[4]

Notably, *Garfum.com Corp. v. Reflections by Ruth* involved similar facts. 2016 U.S. Dist. LEXIS 174134. In *Garfum*, the court had awarded attorneys' fees under §285 but reversed course on a motion for reconsideration. *Id*. at *1-2. There, the patentee asserted patent infringement and the defendant filed a motion to dismiss for lack of patentable subject matter under §101. *Id.* The patentee then covenanted not to sue and voluntarily dismissed the complaint. *Id*. The court found the case exceptional and awarded a portion of the defendant's attorneys' fees. *Id*. at *2-4. After the fee award, the patentee sought continued examination on a soon-to-issue related family patent and included the §101 briefing to the USPTO for consideration. *Id*. The USPTO issued the patent after receiving the §101 briefing. *Id*. The court

---

[4] *See, Sound View Innovations, LLC v. Walmart Inc.,* 2019 U.S. Dist. LEXIS 220336, at *11 n.6 (D.Del. Dec. 23, 2019)(collecting cases); Shahrokh Falati, *To Promote Innovation, Congress Should Abolish The Supreme Court Created Exceptions to 35 U.S. Code § 101*, 28 Tex. Intell. Prop. L.J. 1 (2019).

vacated its previous fee award, pointing to the USPTO's issuance of a related patent after reviewing the briefing, intervening cases demonstrating that §101 analysis is an evolving area of law that does not generally lend itself to fee shifting, and the fact that courts should encourage litigants to voluntarily dismiss actions instead of piling additional fees on top,. *Id*. at *20-23.

Those same considerations apply equally here. As in *Garfum*, the USPTO reviewed the §101 briefing from the '522 Case and determined that the '599 patent was nonetheless patent eligible. This shows that reasonable minds can differ, especially in an area of law as opaque as §101. It also reflects that SDC's position was not objectively meritless.

Candid's argument that SDC's assertion of the '599 patent was meritless and objectively unreasonable is entirely based on this Court's decision on the prior '522 Case, which was on appeal when SDC filed the Texas Case. SDC did not have the Federal Circuit's position on the '522 Case at that time. It knew only that the USPTO and this Court appeared to disagree. Indeed, to claim that SDC's position in asserting the '599 patent is meritless or unreasonable is to suggest that litigants evaluating the substantive strength of their case are not entitled to place any reliance on the decisions of the USPTO and that there is no need for appellate courts at all. That cannot be the law.

8

Candid's argument that it was objectively unreasonable for SDC to assert the '599 patent is also belied by the Texas court's ruling on this very issue. Indeed, Candid invited the Texas court to dismiss that case based on this Court's decision in the '522 Case, and the Texas court declined to do so at that stage in the case. According to the Texas court, it needed an opportunity to understand "the real significances of the apparent differences between the claim languages of the '599 patent and the '522 patent" before it could determine whether the '599 patent is ineligible under §101. (6-20-cv-1115; D.I.35, at p.5.) It also noted "the lack of clarity from the current state of law regarding patent eligibility under §101." (*Id.* at 7.) If the Texas court needed more time and information before it could make a determination on whether this Court's ruling on the '522 patent collaterally estopped SDC from asserting infringement on the '599 patent, SDC's assertion of the '599 patent is by definition not exceptional.

"[W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." *Garfum,* 2016 U.S. Dist. LEXIS 174134, at *8. In view of the actions of the USPTO, and the large number of reversals in the Federal Circuit[5], SDC was

[5] *See* Gibson Dunn Federal Circuit Year in review 2019/2020, https://www.gibsondunn.com/wp-content/uploads/2021/01/Federal-Circuit-2019-2020-Year-in-Review.pdf (41% reversal rate on §101 Federal Circuit precedential decisions for 2019-2020).

reasonable in moving forward with the '599 patent. After the Federal Circuit upheld the dismissal of the '522 Case on §101 grounds, SDC acted promptly and efficiently to resolve the '599 Cases.[6]

### 2.    The Cases Candid Cites are Inapposite.

Candid cites just two cases to support its argument that SDC's legal position on §101 for the '599 Cases was objectively meritless, but these cases are easily distinguished. In both cases, the courts decided that the patent claims were objectively without merit because of their stark similarity to the claims disallowed in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014). *See Inventor Holdings, LLC v. Bed Bath & Beyond Inc.*, 2016 U.S. Dist. LEXIS 70345, at *8-9 (D.Del. May 31, 2016)("IH was on notice that its claims, much like the claims in *Bilski* and *Alice*, covered an abstract idea and. . . were objectively ineligible"); *Finnavations, LLC v. Payoneer, Inc.*, 2019 U.S. Dist. LEXIS 45306, at *2-3 (D.Del. Mar. 18, 2019)("patents which look like *Alice* are ineligible").

Here, Candid does not allege that the '599 claims are so similar to the claims the Supreme Court considered in *Alice* that they are objectively meritless, only that

---

[6] Candid now suggests the '522 Case is exceptional, and quotes language out of context to suggest that, *e.g.*, the preliminary injunction motion was meritless. That motion was fully supported by fact and expert declarations. Moreover, having chosen not to seek an exceptional case ruling in that matter, Candid cannot litigate that issue now.

they are similar to claims a district court dismissed on §101 that were pending appeal before the Federal Circuit. Candid equates a district court's §101 dismissal of the '522 Case to the Supreme Court's decision in *Alice*. This is improper and these cases are inapplicable.

### 3. Candid's Patenting Activity Undermines Its Allegations.

Further, to the extent Candid argues that SDC should never have sought to patent technology related to the field of teledentistry, this argument is baseless. The aligner industry is built on patents. Many other competitors, including Candid, have patents in this space.[7] Candid's arguments that SDC manipulated the patent system by even filing the '599 patent are belied by its own conduct.

### C. SDC's Litigation Conduct Was Objectively Reasonable, Supported by Appropriate Authority, and not Exceptional.

The type of egregious litigation conduct justifying an award of fees after *Octane Fitness* simply is not found here. *See Tenstreet, LLC v. DriverReach, LLC,* 2021 U.S. Dist. LEXIS 158688, at *12 (S.D.Ind. Aug. 23, 2021)(collecting cases); *Garfum*, 2016 U.S. Dist. LEXIS 174134, at *20-21. Rather, SDC had case and USPTO support for its actions, and acted promptly and efficiently to resolve the

---

[7] *See* https://www.candidco.com/why-candid ("Our patent-pending treatment protocol was designed for teledentistry"). Retrieved 10/25/2021.

action after the Federal Circuit decision. This is not the kind of conduct warranting fees under §285. *Id*.

### 1.    SDC Promptly Provided A Covenant Not To Sue.

SDC provided Candid with a covenant not to sue shortly after the Federal Circuit decision on the '522 patent. This action was objectively reasonable. Indeed, "courts should encourage litigants to voluntarily dismiss actions when appropriate, instead of assessing additional fees on top." *Id*. (citing *Visto Corp. v. Sproqit Technologies, Inc.*, 2007 WL 160942, at *2 (N.D.Cal Jan. 17, 2007)("If fees are too readily awarded under §285 when a patent holder extends a covenant not to sue resulting in dismissal of the case, then such covenants and the beneficial economies and finality attendant thereto might be unduly discouraged.")); *Sprint Communs. Co., L.P. v. Cequel Communs., LLC*, 2021 U.S. Dist. LEXIS 86870, at *9 (D.Del. May 6, 2021)(finding the case was not exceptional because patentee had "acted promptly and efficiently to resolve the action" once it lost on claim construction). Given the Texas Court's statement that it needed to engage in claim construction to determine the import of the "apparent differences" in claim scope as between the '522 and '599 patents before a determination could be made as to collateral estoppel, it may have been reasonable for SDC to request that this Court resolve the claim construction dispute briefed in Texas. Instead, SDC took the eminently reasonable

12

approach of signing a covenant not to sue to conserve the resources of the Court and the parties.

Courts in non-patent cases have refused to award fees after a party voluntarily dismisses a case for the same reasons. *See Stevedoring Services of America v. Armilla Int'l B.V.,* 889 F.2d 919, 921 (9th Cir. 1989)(affirming a decision to not award fees based in part on the fact that "the imposition of costs and attorney fees might discourage future plaintiffs from seeking early dismissal of their actions"); *Johnson v. Bemis*, Co., 2012 WL 3562025, *1 (E.D.Wis. Aug. 17, 2012)("Plaintiff, upon recognizing that victory was not in the cards, decided to voluntarily dismiss the action with prejudice. This is the kind of thing that courts seek to encourage.").

Awarding fees after SDC acted promptly and efficiently to resolve the action upon the Federal Circuit's affirmance would contravene the policy of favorable treatment of voluntarily dismissing cases upon receipt of relevant facts or rulings. SDC's actions following the Federal Circuit decision show an entirely reasonable course of conduct. An award of attorneys' fees would discourage similarly situated litigants from seeking prompt dismissal of the case and instead encourage protracted litigation and increased costs. Further, Candid cites to no authority that it is unreasonable or exceptional for a plaintiff to voluntarily dismiss a case after an unfavorable appellate decision on a related case. SDC's prompt and efficient actions

in providing the covenant not to sue weigh heavily in the totality of the circumstances ***against*** a finding of exceptionality.

### 2. SDC's Decision Not to Delay Filing the '599 Case Is Not Exceptional.

The USPTO made a determination of patent eligibility with regard to the '599 patent with full knowledge of the arguments made in favor of dismissal of the '522 patent. SDC's simultaneous pursuit of the '522 patent on appeal demonstrates that SDC's litigation conduct is far from exceptional and reflects a consistent litigation strategy to pursue infringement of its duly issued patents. *Springs Window Fashions LP v. Novo Indus., L.P.,* 323 F.3d 989, 999 (Fed.Cir. 2003).[8]

Moreover, courts have recognized the appropriateness of SDC's choice to move forward without delay in light of the real world impact for patentees. *See Sound View*, 2019 WL 7067056, at *4. As in *Sound View*, if the '522 patent were overturned on appeal, SDC would be potentially left without the ability to collect damages under the '599 patent.

---

[8] Candid's new assertion that SDC could have withdrawn the '599 patent from issue in light of the '522 decision is nonsensical. On Friday, December 4, 2020 there was a late afternoon phone call – but nothing to submit to the USPTO. The written decision came mere hours before the 12:01 am issuance of the '599 patent.

Candid cites to no authority for the proposition that it is unreasonable or exceptional to assert a family patent while another patent in the family is on appeal. Candid made similar arguments in Texas, and they were rejected.[9]

### 3.   SDC's Decision to File Its '599 Patent Case in Texas Is Not Exceptional.

Though SDC originally filed the '522 patent case in Delaware, caselaw indicated that this action did not bind all future patent litigation between SDC and Candid to this District or imbue any bad faith on SDC's choice of venue. *See* e.g. *Cellectis S.A. v. Precision Biosciences, Inc*., 858 F. Supp. 2d 376, 377, 385 (D.Del. 2012)(finding no bad faith in asserting the '372 patent in Delaware, despite another court having familiarity with two other family patents, whose claims were rejected in a reexamination and were on appeal). SDC cited this case and many others in response to Candid's motions. (*See* 1-20-cv-01764; D.I.8, at pp.10-13.) Further, SDC had legitimate interests in asserting the '599 patent in Texas, as outlined in SDC's briefs, including its motion for reconsideration. (1-21-cv-1165; D.I.25; 1-20-cv-1764; D.I.8, 17.) Those interests included SDC's desire for a speedier resolution

---

[9] *See* 20-cv-1115-ADA; D.I.35 at p.6-7 ("Further, the Delaware's decision finding the '522 patent invalid under §101 is still pending appeal before the Federal Circuit. . . . Therefore, again, it would be unwise for this Court to apply collateral estoppel and bar the assertion of the '599 patent at this stage of the case while the appeal for the '522 patent is still pending. This is even [sic] so given the lack of clarity from the current state of law regarding patent eligibility under §101.") (citing *Sound View*, 2019 WL 7067056, at *4.).

of the case and convenience. The Western District of Texas appeared to be faster than Delaware and was more convenient for SDC, which is based in Tennessee. (1-20-cv-1764; D.I.17, at p.6.) The Texas court was able to address the merits on a much faster schedule. Indeed, the Texas Case proceeded to an exchange of contentions and full claim construction briefing in less time than the original '522 Case took to set a schedule.

Furthermore, SDC's decision to file the '599 patent action in Texas was not contrary to SDC's previous representations to this Court. SDC had stated that "[u]pon issuance [of the '599 patent], SDC intends to add this new patent to this ['522 patent] litigation..." (1-20-cv-00583; D.I.23 at 12 n.1.) SDC never stated that it would file any future case on the '599 patent in Delaware, only that it would add it to the '522 Case – which was impossible to do after the '522 Case was dismissed before the '599 patent issued.

According to Candid's argument, all patent owners who subsequently choose to file suit in a venue different than the first venue they chose, or whose cases are subject to a motion to transfer, would be subject to attorneys' fees. This is unfounded, contrary to caselaw, and not indicative of the "rare case" warranting attorneys' fees envisioned by the Supreme Court. To the extent that Candid relies upon the Texas Court's ultimate decision to transfer the '599 Case, Candid cites to

16

no cases where filing a family patent in a different venue than the parent patent on appeal was deemed an exceptional case.

Moreover, during the March 15, 2021 hearing on Candid's Motion to Dismiss the Texas Case, Judge Albright specifically stated that he was "not worried about forum shopping." (6-20-cv-1115; D.I.26, 03-15-2021 Hearing Tr. at 36:25.) SDC's persistence in the Texas Case following such statements by the judge and the other authority it relied upon, including *Cellectis* cannot be viewed as exceptional. Following this Court's decision to deny SDC's Motion to Dismiss the DJ Case (without any finding of forum shopping), Judge Albright reversed course on this issue. Shortly thereafter, the Federal Circuit issued its decision on the '522 Case, and SDC granted a covenant not to sue on the '599 patent. Considering the totality of the circumstances, there is no exceptional case here.

### 4.    SDC's Motion Practice was Reasonable and Not Exceptional.

There can be no claim that SDC unreasonably inflated fees or engaged in any egregious or improper motion practice. In the Texas Case, SDC successfully defended against Candid's Motion to Dismiss. (1-21-cv-1165; D.I.35 at 6.) Specifically, in denying Candid's Motion to Dismiss, the Texas court stated:

> Candid asks the Court to (1) presume that the '522 patent is invalid under §101 based on the Delaware court's decision while that decision is still pending appeal before the Federal Circuit, (2) presume that the apparent differences between the claims of the '599 patent and the

17

'522 patent to be "superficial" and "wholly immaterial" (ECF No. 12 at 9 and 12) before the Court could have a chance to closely examine the claim difference with the benefit of claim construction, and (3) apply collateral estoppel to find the '599 patent invalid under §101. The Court refuses to entertain this far-fetched invitation based on two unsound presumptions. (*Id.*)

SDC was reasonable in moving to dismiss Candid's declaratory judgment action in Delaware. Indeed, SDC cited to caselaw which supported that SDC's Texas case (filed two weeks earlier) was the first-filed case requiring dismissal of the DJ Case. (*See* 1-20-cv-01764; D.I.8, 13, & 17; 1-21-cv-1165; D.I.17.) The fact that the Court ultimately disagreed with SDC's legally supported position does not make this case exceptional.

SDC's motion for reconsideration was not unreasonable or frivolous. SDC disagreed with this Court's decision not to dismiss the DJ Case, and respectfully submitted that the Court made clear errors in deciding SDC's Motion to Dismiss, citing caselaw in support. (*See* 1-20-cv-01764; D.I.17.) Candid cites no cases showing that SDC's motion for reconsideration was unreasonable or makes this case exceptional.

### 5.   Candid's Motion Practice Increased Costs.

Significantly, Candid is responsible for many of the fees associated with this litigation. *Internet Media Interactive Corp. v. Shopify Inc*., 2020 U.S. Dist. LEXIS 196396, at *11 (D.Del. Oct. 22, 2020)(denying motion for attorneys' fees where

"Defendant share[d] blame for the price tag of the litigation"). SDC has maintained from the outset that Candid raised litigation costs by filing for declaratory judgment in this Court contemporaneously with the litigation in Texas. (*See* 1:20-cv-01764; D.I.13 at p.1.) Candid could have just moved the Texas court for a transfer to Delaware, which it eventually did anyway (1-21-cv-1165; D.I.24.). Candid could have also saved additional fees by refraining from bringing its motion to dismiss in Texas, which was not ripe and offered "far-fetched" arguments based on "unsound" theories, according to the decision of that court.

Candid cites cases and briefs for the proposition that it is standard procedure for accused infringers to file for declaratory judgment in a different venue than a patentee brings suit. (21-cv-1165; D.I.69, at p.20). However, none of the cases involved an award of attorneys' fees. Thus, even the cases Candid cites demonstrate that the venue dispute in this case was standard and not exceptional.

### 6.   SDC's Litigation Conduct was Reasonable and Not Exceptional.

Candid's repeated claims that SDC is 'flexible with the truth,' a 'forum shopper,' employed 'litigation gamesmanship,' or insulted this Court are attempts to improperly raise the ire of the Court in hopes that it will punish SDC. It has been part of Candid's strategy from the outset to deflect from any claims that it has been copying SDC (a fact it has never earnestly denied) and to put the "black hat" on SDC

19

for asserting two granted patents against an infringer.[10] Nothing in these out-of-context quotations provides any salience to Candid's position that SDC's actions have been unreasonable.

SDC strongly opposes Candid's assertion that SDC has been "flexible" with the truth. In response to this Court's questioning at a status conference regarding why the USPTO allowed the '522 patent to issue at all (1-20-cv-00583; D.I.29 at 10:10-13), SDC's prior counsel indicated that the USPTO reviewed the §101 briefing in the '522 Case and decided to grant another patent with claims that were "very, very similar, if not identical." (*Id.* at 12:5-18.) Prior counsel could not have intended to suggest that the claims were actually identical, as it is impossible to have identical claims issued twice under the patent system. In Texas, SDC's counsel also truthfully advised Judge Albright that there are differences in the language of the '522 and '599 claims. Family patents typically have both similarities and differences. Indeed, those differences are what provide a basis for the grant of a new patent. And those "apparent differences" in claim language served as one basis for

---

[10] Candid cites no authority that suggests an unrelated prior state lawsuit confers exceptionality to a *patent* enforcement case. Furthermore, SDC's assertion of just two patents cannot be considered vexatious where SDC has not asserted other patents in the same family including U.S. Patent Nos. 10,978,201, 10,468,133, 10,692,598, and 11,094,414.

Judge Albright's denial of Candid's motion to dismiss.[11] SDC therefore disputes the implication that it has been "flexible" with the truth. The claim language found in these patents was never hidden from any court. Line-by-line comparisons of the '522 and '599 claim language were in the pleadings, the briefings, and on slides at oral argument.

Further, SDC does not deny that it disagreed with this Court's decision to dismiss the '522 Case – that is why SDC filed an appeal. Once that appeal was decided, SDC sought prompt resolution of the '599 patent case. Additionally, the language quoted from SDC's motion for reconsideration was not an "aggressive[] attack[] on this Court's capabilities." SDC was merely pointing out its disagreements with this Court. This language quoted out-of-context by Candid was meant to anger this Court against SDC, as opposed to providing applicable case law and facts under §285.

Considering the totality of circumstances, this case is not exceptional: SDC was not unreasonable in its litigation conduct, SDC did not maintain objectively frivolous legal positions, and SDC sought a prompt resolution after the appeal did not resolve in its favor.

---

[11] "Without a full understanding of the claimed subject matter and the real significances of the *apparent differences* between the claim languages of the '599 patent and the '522 patent, it would be unwise for the Court to determine whether the '599 patent is ineligible or not under § 101 at this stage of the case." (D.I.35, at p.5 (emphasis added).)

## V.    CONCLUSION

For all of these reasons, SDC respectfully asks that the Court deny Candid's

Motion for Attorneys' Fees.


Dated: November 2, 2021


                                        */s/ Cortlan S. Hitch*
                                        Kenneth L. Dorsney (#3726)
                                        Cortlan S. Hitch (#6720)
                                        MORRIS JAMES LLP
                                        500 Delaware Avenue, Suite 1500
                                        Wilmington, DE 19801
                                        (302) 888-6800
                                        kdorsney@morrisjames.com
                                        chitch@morrisjames.com

                                        OF COUNSEL:

                                        Cynthia J. Rigsby (*pro hac vice*)
                                        Kelsey C. Boehm (*pro hac vice*)
                                        FOLEY & LARDNER LLP
                                        777 East Wisconsin Avenue
                                        Milwaukee, WI 53202
                                        (414) 271-2400


                                        *Attorneys for*
                                        *SmileDirectClub, LLC*

## <u>CERTIFICATION BY COUNSEL</u>

I hereby certify that SMILEDIRECTCLUB, LLC'S ANSWERING BRIEF IN OPPOSITION TO CANDID CARES CO.'S MOTION FOR ATTORNEY FEES complies with the type and number limitations set forth in the November 6, 2019 Standing Order. The total number of words, including introductions and footnotes, but excluding the cover page and signature page, is 4,968 according to the word processing system used to compile the brief. The text of the brief is 14-point, Times New Roman.

  */s/ Cortlan S. Hitch*
Cortlan S. Hitch (#6720)

*Attorneys for Defendant
SmileDirectClub, LLC*