IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CANDID CARE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1764 (CFC) |
| | ) | |
| SMILEDIRECTCLUB, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| SMILEDIRECTCLUB, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1165 (CFC) |
| | ) | |
| CANDID CARE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**CANDID'S REPLY BRIEF IN SUPPORT OF
ITS MOTION TO DECLARE THIS CASE EXCEPTIONAL
AND AWARD ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**

OF COUNSEL:

Michael P. Sandonato
Sean M. McCarthy
Joshua D. Calabro
VENABLE LLP
Rockefeller Center
1270 6th Avenue
New York, NY  10020
(212) 307-5500

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Candid Care Co.*

Edmund J. Haughey
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC  20001
(202) 344-4000

November 9, 2021

# **TABLE OF CONTENTS**

I. THIS CASE IS EXCEPTIONAL DESPITE THE PENDING APPEAL ON THE '522 PATENT AND JUDGE ALBRIGHT'S DENIAL OF CANDID'S MOTION TO DISMISS ........................................... 1

    A. THE PENDING APPEAL ON THE '522 PATENT ............................ 1

    B. JUDGE ALBRIGHT'S DENIAL OF CANDID'S MOTION TO DISMISS ................................................................................. 3

II. THESE CASES ARE EXCEPTIONAL DESPITE THE USPTO'S ALLOWANCE OF THE '599 PATENT AFTER CONSIDERING THE PARTIES' BRIEFING ON THE § 101 ISSUE ...................................... 5

III. COURTS MAY FIND EXCEPTIONAL CASE STATUS BASED ON A PATENT'S INVALIDITY UNDER 35 U.S.C. § 101 ......................... 7

IV. THE UNREASONABLE MANNER IN WHICH SDC LITIGATED THESE PATENT CASES WARRANTS FINDING THEM EXCEPTIONAL .................................................................................................. 9

V. FINDING THIS CASE EXCEPTIONAL WILL NOT DISCOURAGE VOLUNTARY DISMISSALS ............................................ 11

# TABLE OF AUTHORITIES

**Cases**

*eDekka LLC v. 3balls.com, Inc.*,
   No. 2:15-CV-541 JRG,
   2015 WL 9225038 (E.D. Tex. Dec. 17, 2015) ...................................................... 8

*Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*,
   No. 16-CV-81677-MARRA,
   2020 WL 9440337 (S.D. Fla. Oct. 30, 2020) ..................................................... 6, 8

*Finnavations LLC v. Payoneer, Inc.*,
   C.A. No. 18-444-RGA,
   2019 WL 1236358 (D. Del. Mar. 18, 2019) ................................................. *passim*

*Garfum.com Corp. v. Reflections by Ruth*,
   No. 14-5919 (JBS/KMW),
   2016 U.S. Dist. LEXIS 174134 (D.N.J. Dec. 16, 2016) ....................................... 7

*In Re: PersonalWeb Techs., LLC Patent Litigation*,
   No. 18-md-02834-BLF,
   2020 WL 5910080 (N.D. Cal. Oct. 6, 2020) ..................................................... 10

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
   876 F.3d 1372 (Fed. Cir. 2017) ............................................................................ 3

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
   C.A. No. 14-448-GMS,
   2016 WL 3090633 (D. Del. May 31, 2016)
   *aff'd* 876 F.3d 1372 (Fed. Cir. 2017) ............................................................... 1, 8

*Kindred Studio Illus. & Design, LLC v. Elec. Commc'n Tech., LLC*,
   No. 2:18-CV-07661,
   2019 WL 3064112 (C.D. Cal. May 23, 2019) .................................................. 5, 8

*My Health, Inc. v. ALR Techs., Inc.*,
   No. 2:16-cv-00535-RWS-RSP,
   2017 WL 6512221 (E.D. Tex. Dec. 19, 2017) ..................................................... 8

*Rothschild Dig. Confirmation, LLC v. CompanyCam, Inc.*,
   494 F. Supp. 3d 263 (D. Del. 2020) ..................................................................... 8

*Shipping & Transit, LLC v. Hall Enter., Inc.*,
   No. CV 16-06535-AG-AFM,
   2017 WL 3485782 (C.D. Cal. July 5, 2017) .........................................................8

*SmileDirectClub, LLC v. Candid Care Co.*,
   505 F. Supp. 3d 340 (D. Del. 2020)
   *aff'd* 856 F. App'x 893 (Fed. Cir. 2021) .............................................................2

*Source Search Techs., LLC v. Kayak Software Corp.*,
   No. 11-3388 (NLH/KMW),
   2016 WL 1259961 (D.N.J. Mar. 31, 2016) ..................................................... 8, 10

With the whistle already blown against SDC's substantive position in the First Delaware Lawsuit, SDC took additional unreasonable shots at Candid and wasted judicial and litigant resources while urging for what in essence was a redo in a different court. When it was refused, and on the eve of the game finally being called in Candid's favor, SDC forfeited and now cries no harm, no foul. But SDC's unreasonable positions and the unreasonable manner in which it litigated, both separately and together under the totality of the circumstances, have caused judicial and litigant waste and warrant finding these cases exceptional.

## I.  THIS CASE IS EXCEPTIONAL DESPITE THE PENDING APPEAL ON THE '522 PATENT AND JUDGE ALBRIGHT'S DENIAL OF CANDID'S MOTION TO DISMISS

### A.  THE PENDING APPEAL ON THE '522 PATENT

SDC argues that since the '522 patent claims were not yet held invalid by the Federal Circuit, it was reasonable to assert the "virtually identical" '599 patent claims pending that appeal because they are presumed valid. That is simply not the law, as courts routinely award attorneys' fees against patentees who assert objectively invalid patents, even absent any ruling by the Federal Circuit. *See, e.g.*, *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, C.A. No. 14-448-GMS, 2016 WL 3090633, at *4 (D. Del. May 31, 2016) *aff'd* 876 F.3d 1372 (Fed. Cir. 2017); *Finnavations LLC v. Payoneer, Inc.*, No. 1:18-cv-00444-RGA, 2019 WL 1236358 (D. Del. Mar. 18, 2019); *see also infra* at 8. That this Court had invalidated the '522

1

patent makes SDC's action worse, not better, notwithstanding the fact that it had filed an appeal.

A patent owner has an obligation to assess its litigating position (despite the presumption of validity), and will be held liable for attorneys' fees under 35 U.S.C. § 285 if it asserts patent claims that any reasonable litigator would know to be invalid. *See Finnavations*, 2019 WL 1236358, at *2. Here, the '599 patent claims are objectively, and by SDC's own admission, "virtually identical" to patent claims adjudicated invalid by this Court. *See SmileDirectClub, LLC v. Candid Care Co.*, 505 F. Supp. 3d 340 (D. Del. 2020), *aff'd*, 856 F. App'x 893 (Fed. Cir. 2021). This Court recognized that the '522 patent claims—and thus the '599 patent claims by SDC's own relation of those claims—were similar to claims found invalid under the *Alice* framework. *See SmileDirectClub,* 505 F. Supp. 3d at 350. This included cases pertaining to patents that were directed to telehealth. *See id.* It was inevitable that the Federal Circuit would affirm this Court's § 101 decision, especially in view of other cases finding similar patent claims invalid.

SDC should have recognized that its position was objectively frivolous, and any reasonable litigator armed with this Court's § 101 decision and the numerous other cases holding similar telehealth claims ineligible would have known it could not succeed on such a patent. Yet, SDC asserted the objectively invalid '599

patent against Candid in spite of those decisions, and now SDC must answer for its baseless actions.

> **B.     JUDGE ALBRIGHT'S DENIAL OF CANDID'S MOTION TO DISMISS**

Candid recognizes Judge Albright denied its motion to dismiss on collateral estoppel grounds. *See* Texas Lawsuit, D.I. 35. But denial of a motion to dismiss is not a decision on the merits. *Inventor Holdings*, 876 F.3d at 1379. And here, contrary to SDC's suggestion, Judge Albright "[n]ever endorsed the patent-eligibility of the asserted claims," *id.*, and instead simply deferred that ruling to another time. Texas Lawsuit, D.I. 35 at 5. Judge Albright did so based on SDC's unsubstantiated representation that "there are clear differences in the scope of the claims of the '522 and '599 patent," Texas Lawsuit, D.I. 17 at 9-10, despite SDC telling this Court that the claims were "virtual identical," D.I. 15 at 6-7.[1] It was only by taking these blatantly inconsistent positions—which this Court found amounted to "flexibility with the truth," D.I. 15 at 6-7—that SDC was able to defeat Candid's motion in Texas.

Candid repeatedly challenged SDC to explain how any of the differences between the '522 patent claims and the '599 patent claims would be material to their validity under § 101. *See, e.g.*, Texas Lawsuit, D.I. 12 at 1, 9, 12-

---

[1]     All citations to docket entries are from C.A. No. 20-1764 unless specifically noted.

13; D.I. 18 at 2-5, 10; 2021-02-19 Hearing Tr. at 13:5-10, 39:12-14; D.I. 30 at 2 n.1. SDC offered nothing in response, and simply continued to assert that claim construction was necessary to address the "superficial similarities between the claims of the ['522 and '599] patents" and the "clear differences in the scope of the claims of the '522 and '599 patents." Texas Lawsuit, D.I. 17 at 9. That the Texas court chose to accept SDC's unsubstantiated representations in the context of a motion to dismiss does not justify SDC's actions, and does not make this case less exceptional.

SDC also does not address the glaring inconsistency between the positions it took in the Texas Lawsuit and its granting Candid a covenant not to sue following the Federal Circuit's affirmance of this Court's decision invalidating the '522 patent claims. If there truly were differences in the claims that change the § 101 analysis, the Federal Circuit's affirmance should have in no way deterred SDC from continuing to assert the '599 patent claims. The fact is those claims are virtually identical and rise and fall together, which SDC has always known yet only now concedes.

SDC's assertion that Judge Albright's denial of Candid's collateral estoppel motion evidences a reasonable merits position is undercut by SDC's "flexibility with the truth" in obtaining that denial, and that denial carries no weight

4

as to the ultimate issue of whether SDC's assertion of the '599 patent was objectively unreasonable.

## II. THESE CASES ARE EXCEPTIONAL DESPITE THE USPTO'S ALLOWANCE OF THE '599 PATENT AFTER CONSIDERING THE PARTIES' BRIEFING ON THE § 101 ISSUE

SDC's suggestion that it was free to ignore this Court's later-issued invalidity opinion on the '522 patent in favor of the USPTO's earlier consideration of the parties' briefing and allowance of the '599 patent is contrary to established precedent.

In *Kindred*, the asserted patent issued after a family member with the same specification had been found ineligible by a district court. *Kindred Studio Illus. & Design, LLC v. Elec. Commc'n Tech., LLC*, No. 2:18-CV-07661 (GJS), 2019 WL 3064112, at *1-2 (C.D. Cal. May 23, 2019). Nevertheless, the *Kindred* court held the case exceptional despite the presumption of validity because

> [A]n analysis of the [asserted claims] compared to those family member claims invalidated in *McKinley* shows they suffer from the same defects that rendered the *McKinley* claims patent ineligible. The Court agrees with [defendant] that no reasonable patentee would assert the [asserted patent] claims against an alleged infringer after *McKinley*.

*Id.* at *9.

Similarly, in a case related to *Kindred* involving the same asserted patent, another court found assertion of the patent exceptional because "the patentee obtained an adverse ruling on the patent eligibility of claims from the same patent

5

family and originating from the same specifications as those at issue here." *Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, No. 16-CV-81677-MARRA, 2020 WL 9440337, at *4 (S.D. Fla. Oct. 30, 2020). In the *Electronic Communication* case, the patent owner advanced similar arguments to those advanced by SDC here—that the USPTO's approval of its later application despite having been informed of the earlier court decision on the family member patent somehow insulates it from § 285 liability.[2] *See id.* That court rejected that argument, holding that the issuance of the later patent, even after considering the court's earlier invalidating decision, "does not automatically cloak an enforcement case which follows with a cloak of objective reasonability." *Id.* The court held the case exceptional due to plaintiff's continued enforcement of patent claims in spite of the earlier invalidation ruling and multiple other authorities ruling on patent eligibility of similar claims, and concluded that "no reasonable patentee in [plaintiff's] shoes could have believed that [the asserted claim of the asserted patent] was patent eligible, or a contest on its eligibility would at least be unpredictable." *Id.* at *5.

As another example, in *Finnavations*, the court rejected plaintiff's arguments—like the ones SDC makes here—that "the law is unclear" regarding

---

[2] SDC provided only the parties' § 101 briefing to the USPTO and never provided this Court's decision invalidating the '522 patent. *See* D.I. 35 at 13.

§ 101 eligibility and "that the Patent Office's continued issuance of substantially identical patents supports its position." 2019 WL 1236358, at *2.

SDC's reliance on the USPTO's grant of the '599 patent after considering the parties' briefing on the § 101 issue—but not the Court's order finding the '522 patent claims ineligible—does not change the fact that its substantive position was objectively meritless.

*Garfum*, cited by SDC, is distinguishable. There, the court held that the substantive strength of plaintiff's litigation position as to patent eligibility was not objectively meritless because it was a closer call as to whether the claims included an inventive concept under step two of the *Alice* analysis, and the USPTO's allowance of a continuation patent in view of the § 101 briefing bolstered that substantive position. *See Garfum.com Corp. v. Reflections by Ruth*, No. 14-5919 (JBS/KMW), 2016 U.S. Dist. LEXIS 174134, at *9, *16 (D.N.J. Dec. 16, 2016). Such is not the case here, where the § 101 issue as to the '522 patent was not even close and the USPTO did not have the benefit of this Court's decision invalidating the '522 patent at the time it issued the '599 patent.

### III.   COURTS MAY FIND EXCEPTIONAL CASE STATUS BASED ON A PATENT'S INVALIDITY UNDER 35 U.S.C. § 101

SDC argues that "[c]ourts in this district have been reluctant to find exceptional case status based on a patent's invalidity under § 101." D.I. 36 at 6.

7

SDC cites the purported "complexity and troubling state of the law with regard to § 101" in arguing that this Court should not find these cases exceptional. *Id.* at 7.

But other courts in this district (and elsewhere) have not been so reluctant, particularly where the asserted patent claims are analogous to those found ineligible under the *Alice* framework, yet the patent owner chose to assert them and/or litigated the weak patent in an unreasonable manner. *See Rothschild Dig. Confirmation, LLC v. CompanyCam, Inc.*, 494 F. Supp. 3d 263 (D. Del. 2020); *Finnavations*, 2019 WL 1236358; *Inventor Holdings*, 2016 WL 3090633; *Elec. Commun.*, 2020 WL 9440337; *Kindred*, 2019 WL 3064112; *My Health, Inc. v. ALR Techs., Inc.*, No. 2:16-cv-00535-RWS-RSP (Lead), 2017 WL 6512221 (E.D. Tex. Dec. 19, 2017); *Shipping & Transit, LLC v. Hall Enters., Inc.*, No. CV 16-06535-AG-AFM, 2017 WL 3485782 (C.D. Cal. July 5, 2017); *Source Search Techs., LLC v. Kayak Software Corp.*, No. 11-3388 (NLH/KMW), 2016 WL 1259961 (D.N.J. Mar. 31, 2016); *eDekka LLC v. 3balls.com, Inc.*, No. 2:15-CV-541, 2015 WL 9225038 (E.D. Tex. Dec. 17, 2015).

These cases, like those listed above, are exceptional based on the totality of the circumstances despite patent ineligibility being a central issue.

## IV. THE UNREASONABLE MANNER IN WHICH SDC LITIGATED THESE PATENT CASES WARRANTS FINDING THEM EXCEPTIONAL

SDC argues that Candid's claims that SDC was "flexible with the truth," a "forum shopper," employed "litigation gamesmanship," and attacked this Court are a deflection meant to raise the ire of the Court.  While SDC may not like it, these are facts that evidence the unreasonable manner in which SDC litigated these cases.

SDC is wrong that because the '599 patent is presumed valid, it had every right to flee this Court and file its case on the '599 patent in Texas without delay.  SDC was not entitled to sue "with abandon" because it had a duty to critically assess the merits of its own case prior to suit and bore the risks of proceeding on an objectively invalid patent.  *See Finnavations*, 2019 WL 1236358, at *2.  In the face of this Court's decision on the '522 patent, it was unreasonable to assert the "virtually identical" '599 patent claims in any district, and even more so fleeing to a different district for a redo.

SDC argues that filing in Texas was proper because it was the more convenient venue, arguing that SDC is a Tennessee company, Candid has a Studio in Texas, and that Texas was a more efficient venue.  *See* D.I. 36 at 15-17.  The Texas court considered these arguments and rejected them, holding that SDC engaged in "blatant forum shopping" that should not be encouraged.  Texas Lawsuit,

D.I. 46 at 3. As to Judge Albright's statement that he was "not worried about forum shopping," that statement was made at a hearing on Candid's motion to dismiss before Candid's motion to transfer was even filed. Judge Albright ultimately was very concerned with SDC's forum shopping, as it formed the basis for his transferring the case.

Second, SDC argues that it did not engage in "litigation gamesmanship" and was not "flexible with the truth" because "it is impossible to have identical claims issued twice in the patent system" and there are "apparent differences" between the '522 patent and the '599 patent. D.I. 36 at 19-21. This Court already found that SDC had engaged in "litigation gamesmanship" and been "flexib[le] with the truth," arguing on the one hand that the claims were the same for eligibility (both in this Court and on appeal), and arguing on the other hand the claims were different in order to overcome Candid's motion to dismiss on collateral estoppel. D.I. 15 at 6-7. This conduct alone makes these cases exceptional. *See, e.g.*, *Source Search*, 2016 WL 1259961, at *7 (flip-flopping found exceptional); *In Re: PersonalWeb Techs., LLC Patent Litig.*, No. 18-md-02834-BLF, 2020 WL 5910080, at *9, *20 (N.D. Cal. Oct. 6, 2020) (same).

Finally, Candid drew the Court's attention to SDC's attack on its '522 patent decision, including SDC's assertion that it did not receive a fair shot in

10

Delaware, and that this Court dismissed the case for non-legal reasons, as further evidence of SDC's "say anything" bid to keep the Texas Lawsuit alive.

## V. FINDING THIS CASE EXCEPTIONAL WILL NOT DISCOURAGE VOLUNTARY DISMISSALS

SDC further argues that since it granted Candid a covenant not to sue, it is absolved from its frivolous assertion of the '599 patent and its exceptional litigation conduct.  But the cases SDC cites are inapposite.  In each of SDC's cases, the plaintiff had an objectively reasonable position at the outset and did not engage in exceptional misconduct.  Only upon a later intervening event (such as losing on claim construction or an infringement position)—which made any further prosecution of the claim meritless—was the case voluntarily dismissed.  In those circumstances, there was no finding of exceptionality because the case was ended once a party's litigating position became meritless.  Here, SDC's substantive position was meritless from the outset and it engaged in unreasonable litigation conduct up until it granted the covenant.

11

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Rodger D. Smith II* |
| OF COUNSEL: | Rodger D. Smith II (#3778)<br>Cameron P. Clark (#6647)<br>1201 North Market Street |
| Michael P. Sandonato<br>Sean M. McCarthy<br>Joshua D. Calabro<br>VENABLE LLP<br>Rockefeller Center<br>1270 6th Avenue<br>New York, NY  10020<br>(212) 307-5500 | P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>rsmith@morrisnichols.com<br>cclark@morrisnichols.com<br><br>*Attorneys for Candid Care Co.* |
| Edmund J. Haughey<br>VENABLE LLP<br>600 Massachusetts Avenue, NW<br>Washington, DC  20001<br>(202) 344-4000 | |
| November 9, 2021 | |

## **CERTIFICATE OF WORD COUNT AND TYPEFACE COMPLIANCE**

The undersigned hereby certifies that the foregoing brief contains 2,454 words, which is less than the 2,500 allowed under the Court's Standing Order Regarding Briefing in All Cases. The undersigned also certifies that the foregoing document is typed in Times New Roman, 14-point font.

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 9, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Kenneth L. Dorsney, Esquire<br>Cortlan S. Hitch, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801<br>*Attorneys for Defendant SmileDirectClub, LLC* | *VIA ELECTRONIC MAIL* |
| Cynthia J. Rigsby, Esquire<br>Jack T. Carroll, Esquire<br>Sarah E. Rieger, Esquire<br>FOLEY & LARDNER LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI  53202<br>*Attorneys for Defendant SmileDirectClub, LLC* | *VIA ELECTRONIC MAIL* |
| Kelsey C. Boehm, Esquire<br>FOLEY & LARDNER LLP<br>600 17th Street, Suite 2020S<br>Denver, CO  80202<br>*Attorneys for Plaintiff SmileDirectClub, LLC* | *VIA ELECTRONIC MAIL* |

/s/ *Rodger D. Smith II*

Rodger D. Smith II (#3778)